11-4975-cr
*United States v. De La Cruz*

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of August, two thousand thirteen.

PRESENT: PIERRE N. LEVAL
RICHARD C. WESLEY,
PETER W. HALL,
*Circuit Judges.*

---

UNITED STATES OF AMERICA,

*Appellee,*

-v.-                                          11-4975-cr

FRANCISCO DE LA CRUZ, AKA FRANCISCO JAVIER DE LA CRUZ, AKA FRANCISCO JAVIER DE LA CRUZ SUERO,

*Defendant-Appellant.*

---

FOR APPELLANT:      Brendan White, White & White, New York, NY.

FOR APPELLEE:       Elisha J. Kobre, Jennifer G. Rodgers, Assistant United States Attorneys, *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, NY.

Appeal from the United States District Court for the Southern District of New York (Castel, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the United States District Court for the Southern District of New York is **AFFIRMED**.

Defendant-Appellant Francisco De La Cruz appeals from a sentence issued by the United States District Court for the Southern District of New York (Castel, *J.*) of 36 months in prison with three years' supervised release, and a $100 special assessment. Defendant argued that he should receive "time served" because he had *de facto* complied with the tenets of a Fast-Track program, even though the program was not available in the Southern District of New York. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

On July 27, 2000, defendant, who is not a United States citizen, was deported from the United States following a period of imprisonment for a conviction of Conspiracy to Import Cocaine. Immigration and Customs Enforcement ("ICE") was made aware of his renewed presence in the United States on August 2, 2010. He was thereafter arrested on March 1, 2011, for the instant illegal reentry offense, 8 U.S.C. § 1326, pleaded guilty and was sentenced on November 1, 2011.

Defendant appeals on the grounds that the district court sentence was both procedurally and substantively unreasonable because it did not take into account the unwarranted disparity caused by the absence of a Fast-Track program in the Southern District of New York.

A district court's sentence is reviewed for reasonableness. *United States v. Booker*, 543 U.S. 220, 261-62 (2005); *United States v. Fernandez*, 443 F.3d 19, 26 (2d Cir. 2006). Procedural error occurs when the court fails to calculate (unless justified) a guidelines range, makes a mistake in calculating, treats guidelines as mandatory, does not consider § 3553(a) factors, rests a decision on a clearly erroneous finding of fact, or fails to adequately explain the sentence. *United States v. Cavera*, 550 F.3d 180, 190 (2d Cir. 2008) (*en banc*). The district court is presumed to have considered all arguments presented unless the record clearly says otherwise. *Fernandez*, 443 F.3d at 29-30.

In the course of sentencing the defendant the court explicitly stated that it read the relevant submissions and considered the § 3553(a) factors; thus it is presumed that because the court sentenced defendant without imposing a downward variance due to Fast-Track disparity that the court considered and rejected this argument. This presumption is

3

uniquely compelling because the issue was mentioned only in written arguments and never discussed at sentencing. *Fernandez*, 443 F.3d at 29. Further, as Judge Castel explicitly stated in sentencing that he "need not follow" the Guideline range, that the "guidelines are advisory" and "not binding on [him]," (A 15-16) and that he understood he had variance discretion (A 62), it is clear that the court understood its authority to impose a downward variance under § 3553(a)(6).

Finally, nothing in *Kimbrough v. United States*, 552 U.S. 85 (2007) conflicts with this Court's decisions in *United States v. Mejia*, 461 F.3d 158 (2d Cir. 2006) and *United States v. Hendry*, 522 F.3d 239 (2d Cir. 2008) because neither foreclose a sentencing court's consideration of a Fast-Track variance.

For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4